UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID K.,

    Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:24-CV-6024-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

## I.  BACKGROUND

Plaintiff applied for DIB on July 19, 2022. Administrative Record (AR) 17. His alleged date of disability onset is March 1, 2020. *Id.* His requested hearing was held before an

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

Administrative Law Judge (ALJ) on March 27, 2024. AR 44–73. On May 15, 2024, the ALJ issued a written decision finding Plaintiff not disabled. AR 14–43. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On December 13, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 1.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

In his opening brief, Plaintiff argues the ALJ erred in assessing the medical opinion evidence, his subjective symptom testimony, and the statement of a lay witness. Dkt. 9.

**A.   Subjective Symptom Testimony**

Plaintiff testified, due to pain resulting from his impairments, he was unable to stand more than 15 minutes at a time, sit more than 20 to 30 minutes, or lift more than 20 pounds at a time. AR 61–62. He also testified he had memory issues and anxiety symptoms. *See* AR 59. The ALJ could reject Plaintiff's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Defendant argues the ALJ met this standard by finding Plaintiff's subjective symptom testimony was inconsistent with objective medical evidence, his symptomatic improvement and course of treatment, and his activities of daily living. Dkt. 14 at 4–7.

With respect to the objective medical evidence, the ALJ summarized much of the medical evidence and then concluded "the undersigned finds that no greater exertional limitations are established in the treatment record because clinical exams throughout the record since the amended alleged disability onset date consistently showed normal gait[,] normal strength[,] and normal range of motion[.]" AR 26–29 (citations omitted). The ALJ later made the general statement that Plaintiff's allegations were not consistent with the record as a whole. AR 29.

This was an insufficient basis on which to reject Plaintiff's testimony. The ALJ erred by failing to provide a specific explanation as to why the medical evidence identified was inconsistent with Plaintiff's testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("[The ALJ] simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited."); *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ must . . . explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.") (emphasis in original).

Moreover, without further explanation, the Court cannot discern how the notations of normal gait, normal strength, and normal range of motion in the limited context of an examination are inconsistent with Plaintiff's testimony about the extent to which he can sit, stand, and lift painlessly. That Plaintiff could walk a limited distance does not necessarily mean he could walk longer distances, nor is it necessarily probative as to the extent of pain he experienced when sitting, standing, or walking.

1       Similarly, with respect to the ALJ's assessment of Plaintiff's mental challenges, the Court cannot discern how the evidence discussed by the ALJ is inconsistent with Plaintiff's testimony. For instance, Plaintiff alleged memory issues and, throughout the record, providers noted Plaintiff's alleged short-term memory issues occurred because of his seizures. *See, e.g.*, AR 621, 2157, 2173. The ALJ noted that many mental status examinations revealed no deficits in memory (*see* AR 29), but such evidence is not necessarily indicative of Plaintiff's short-term memory post-seizures.

      As for Plaintiff's treatment and activities, while the ALJ mentioned some evidence relevant thereto, he did not indicate this was a basis for rejecting Plaintiff's testimony, nor did he explain how Plaintiff's improvement and activities were inconsistent with his testimony. *See* AR 26–29. The Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

      Nor can such an inference be readily discerned from the decision. The ALJ noted some evidence that Plaintiff's cardiac condition, HIV, and diabetes were controlled, but did not appear to suggest this undermined any particular portion of Plaintiff's testimony about the extent of his symptoms and limitations. *See* AR 27–29; *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]ome improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

      Similarly, the ALJ noted Plaintiff reported leaving a place of employment during the relevant period and that he attended concerts and went on trips, but the ALJ did not explain, nor can the Court discern from the ALJ's decision, how such activities were inconsistent with Plaintiff's testimony. *See* AR 24–26.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

In sum, the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony. Defendant does not contend such an error would be harmless, so the Court reverses. *See Ferguson*, 95 F.4th at 1204 ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment …").

**B.      Remaining Issues**

Plaintiff also challenges the ALJ's assessment of the medical opinions of Stacie Beck, MD; Xue Geng, NP; Debra Fischer, RN; and four state agency consultants; as well as the statements of his girlfriend and mother and the RFC formulation. Dkt. 9. Having found reversable error in the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court need not consider these issues. On remand, the ALJ shall also reassess the medical evidence of record and, if appropriate, reconsider his RFC finding and his findings at steps four and five of the sequential evaluation process.

Plaintiff contends this matter should be remanded for an award of benefits. Dkt. 9 at 18. Such a remedy is only appropriate where it is clear from the record that the ALJ would be required to find the claimant disabled if the improperly discredited evidence were accepted as true. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Here, the Court finds the record is not free from ambiguities, conflicts, and gaps, and therefore remands for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

//

//

//

//

//

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

## IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 29th day of May, 2025.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge